UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-753-FDW
(3:04-cr-73-FDW-1)

| | | |
|---|---|---|
| TADARIAN RASHAUN NEAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 or, Alternatively, for Relief under 28 U.S.C. § 2241, Writ of Coram Nobis, Writ of Audita Querela (Doc. No. 3), and on Respondent's Response in Support re Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 5).

On November 5, 2004, Petitioner pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). On April 28, 2005, Petitioner was sentenced to 46 months' imprisonment, plus two years of supervised release. Petitioner did not appeal. On September 30, 2010, Petitioner was sentenced to an additional 24 months' imprisonment for a supervised release violation, to run consecutively to the sentence imposed in this Court in United States v. Neal, 3:09-cr-17.

On November 9, 2012, Petitioner filed the instant motion to vacate. In its Response, Respondent concedes that under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), neither of the underlying state court convictions used to

1

support the Section 922(g) conviction was for an offense punishable by more than one year in prison; therefore, Petitioner lacks a qualifying, predicate conviction for purposes of being convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Respondent, therefore, seeks to waive the applicable one-year limitations period and requests that this Court vacate its judgment of conviction against Petitioner in 3:04-cr-73-FDW-1.

A Section 2255 claim not brought within one year of the date on which a conviction has become final under Section 2255(f) is procedurally barred. A procedural bar, however, may be excused where the petitioner demonstrates "cause and prejudice," or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998). Here, the government concedes that Petitioner is actually innocent of the felon-in-possession conviction, and the government has expressly waived the one-year limitation period.

In sum, because Respondent has expressly waived the one-year limitations period,[1] has conceded that Petitioner is actually innocent of the felon-in-possession conviction under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and has requested that this Court vacate Petitioner's conviction, and because the Court agrees that Petitioner is actually innocent under Simmons,

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

(1) Petitioner's Motion to Vacate is **GRANTED** and Petitioner's Section 922(g) conviction is hereby **VACATED.**

---

[1] The conclusion here does not run afoul of the Fourth Circuit's recent decision in Powell v. United States, 691 F.3d 554 (4th Cir. 2012), because in Powell the government did not waive the one-year limitations period, nor did it seek to have the Court vacate Powell's convictions.

Signed: February 25, 2013

Frank D. Whitney
United States District Judge